# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHN DOE**, a minor who sues by and through his guardian and next friend, Mary Doe, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. _____<br>)<br>) **JURY TRIAL DEMANDED** |
| **HUNTSVILLE CITY SCHOOLS BOARD OF EDUCATION, SHARISSA CAGLE-BAILEY, ROBERT PERSON, HEATHER BARDWELL, BELISSA HOWARD** and **LESLIE ZUROWSKI,** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

, Sup

## COMPLAINT

COMES NOW Plaintiff in the above-styled action, John Doe, a minor, by and through his guardian and next friend, Mary Doe, and files his Complaint against the Huntsville City Schools Board of Education, Sharissa Cagle-Bailey, Robert Person, Heather Bardwell, Belissa Howard, and Leslie Zurowski and states as follows:

### INTRODUCTION

1. During late 2016 and early 2017 at Mountain Gap Elementary School ("Mountain Gap"), John Doe, who at that time was 8 years old, was brutally bullied by three (3) classmates who repeatedly held him down and punched him on various locations on his body, including his genitals. John Doe suffers from Asperger's Syndrome, a developmental disorder characterized by significant difficulties in social interaction and nonverbal communication, and he also suffers from Charcot-Marie-Tooth Syndrome, a neurological chromosomal disability affecting both his motor and sensory abilities. The Huntsville City Schools Board of Education knew about John Doe's

1

disabilities. Although John Doe complained to Sharissa Cagle-Bailey, his teacher, and Robert Person, his Physical Education teacher, nothing was done, and the brutal assaults continued. When Ms. Doe learned of the assaults in December of 2016, she complained to Mountain Gap both by email and in person, but the assaults by John Doe's classmates still continued. In January of 2017, John Doe learned that he had been injured so badly by the assaults that his right testicle would have to be removed and that there was a possibility that he would lose his other testicle as he aged. John Doe's right testicle was surgically removed in February 2017 due to the trauma of the brutal assaults by his classmates. Doe will have to undergo treatment for his injuries for the remainder of his life as a direct result of this series of brutal assaults and the failure of the teachers at Mountain Gap to protect him from known harm.

## PARTIES

2. Mary Doe is above the age of nineteen (19) years, is John Doe's mother, and is a resident citizen of Madison County, Alabama. Mary Doe is the guardian and next friend of Plaintiff John Doe, a minor resident citizen of Madison County, Alabama. John Doe is a qualified individual under Title II of the Americans with Disabilities Act of 1990 ("ADA").

3. Defendant Huntsville City Schools Board of Education ("HCBOE"), is a public entity that is the governing body for all Huntsville City Schools and employs persons within the school system, including Mountain Gap School. HCBOE receives federal funding, and in accordance with the requirements of Title II of the ADA, cannot discriminate against qualified individuals, and HCBOE knew about John Doe's disabilities.

4. Defendant Sharissa Cagle-Bailey, a teacher at Mountain Gap, is above the age of nineteen (19) years and is, upon information and belief, a resident citizen of Madison County, Alabama. She is sued in her individual capacity.

5. Defendant Robert Person, a teacher at Mountain Gap, is above the age of nineteen (19) years and is, upon information and belief, a resident citizen of Madison County, Alabama. He is sued in his individual capacity.

6. Defendant Heather Bardwell, principal at Mountain Gap, is above the age of nineteen (19) years and is, upon information and belief, a resident citizen of Madison County, Alabama. She is sued in her individual capacity.

7. Defendant Belissa Howard, assistant principal at Mountain Gap, is above the age of nineteen (19) years and is, upon information and belief, a resident citizen of Madison County, Alabama. She is sued in her individual capacity.

8. Defendant Leslie Zurowski, at all material times of this lawsuit, was assistant principal at Mountain Gap, is above the age of nineteen (19) years and, upon information and belief, is a resident of Madison County, Alabama. She is sued in her individual capacity.

## JURISDICTION & VENUE

9. This action is filed pursuant to 42 U.S.C. § 12132 *et seq.*, 20 U.S.C. § 1681 *et seq.* and 42 U.S.C. § 1983 seeking redress of injuries suffered by John Doe due to violations of the Americans with Disabilities Act ("ADA") and due to the deprivation, under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution. This action also claims violations of Alabama state law. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

10. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Alabama state law claims since these claims are so related to the claims in the § 1983 civil rights and ADA action that they form part of the same case and controversy.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and other applicable

law because the cause of action arose in Madison County, Alabama, which is situated within the district and divisional boundaries of the Northern District of Alabama, Northeastern Division.

## FACTS

12. Paragraphs 1 through 11 are incorporated herein as if set out in full.

13. Plaintiff John Doe was a student at Mountain Gap School in Madison County, Alabama at times relevant hereto. C.G., D.S., and M.J. are minors who attended Mountain Gap and bullied Plaintiff John Doe.

14. Mountain Gap is administered by the HCBOE; it receives federal funds for the education and welfare of its students.

15. The HCBOE was directly responsible for hiring, training, retaining, and supervising teachers and school administrators at Mountain Gap, including Defendants Bardwell, Cagle-Bailey, Person, Howard and Zurowski. Defendants Bardwell, Cagle-Bailey, Person, Howard, and Zurowski, acting under color of state authority, were responsible for protecting, supervising, disciplining, suspending, and/or expelling students at Mountain Gap, including Plaintiff John Doe and C.G., D.S., and M.J.

16. Heather Bardwell, at all times relevant hereto, was Principal at Mountain Gap, and was the highest-ranking school official present at Mountain Gap. She was responsible for protecting, supervising, disciplining, and suspending students at Mountain Gap, including Plaintiff John Doe, and C.G., D.S., and M.J.

17. Belissa Howard, at all times relevant hereto, was Assistant Principal at Mountain Gap and was responsible for protecting, supervising, disciplining, and suspending students at Mountain Gap, including Plaintiff John Doe and C.G., D.S., and M.J.

18.     Leslie Zurowski, at all times relevant hereto, was Assistant Principal at Mountain Gap and was responsible for protecting, supervising, disciplining, and suspending students at Mountain Gap, including Plaintiff John Doe and C.G., D.S., and M.J.

19.     Defendant Sharissa Cagle-Bailey was, at all times relevant hereto, a teacher at Mountain Gap in Madison County, Alabama. She taught Plaintiff John Doe and C.G., D.S., and M.J. She was responsible for protecting, supervising, and disciplining students in her charge at Mountain Gap, including Plaintiff John Doe and C.G., D.S., and M.J.

20.     Defendant Robert Person was, at all times relevant hereto, a physical education teacher at Mountain Gap. He was responsible for protecting, supervising, and disciplining students in his physical education class at Mountain Gap, including Plaintiff John Doe and C.G., D.S., and M.J., who were all in the same physical education class he taught.

21.     Defendants Heather Bardwell, Belissa Howard, Leslie Zurowski, Sharissa Cagle-Bailey, and Robert Person are hereinafter collectively referred to as the "Teacher-Defendants".

22.     Beginning in August of 2016 and continuing through December of 2016, C.G., D.S., and M.J. repeatedly bullied and threatened John Doe because of his disabilities and sex. D.S. and M.J. held John Doe on the ground and punched him. C.G. repeatedly punched John Doe in his genitals. The bullying and violent assaults on John Doe were obvious, flagrant, rampant, and of a continuous duration. Many of these physical assaults occurred during recess, in the bathroom, and during the physical education class taught by Defendant Person and while Defendant Person was present. All the assaults occurred on school grounds.

23.     John Doe complained to Defendant Person at least seven (7) or eight (8) times from August until December of 2016, that the student-bullies were punching him and hitting him in his

genitals, and Defendant Person did nothing to stop the behavior and only told him to tell his regular teacher, Defendant Cagle-Bailey.

24. John Doe complained to his teacher, Defendant Cagle-Bailey, that student-bullies were punching him and hitting him in his genitals, and Defendant Cagle-Bailey told him she would talk to C.G., but nothing was done, and the assaults continued.

25. John Doe was finally in such pain on or about December 13, 2016, that he told his mother, Mary Doe, that he "was being punched in the nuts by the meanest toughest bully" at the school. John Doe told his mother that when he was punched, it hurt so much that he was bent over with pain. He also told his mother that D.S. and M.J. were also tackling him to the ground and hitting him.

26. Ms. Doe immediately sent an email to Defendant Cagle-Bailey on or about December 13, 2016, telling her that John Doe was being bullied, punched, and kicked in his genitals, explaining that C.G., D.S., and M.J. were doing this and demanding it be stopped. Defendant Cagle-Bailey never responded to this email, and the kicking and punching continued.

27. On December 14, 2016 at 8:18 a.m., Mary Doe sent a second email to Defendant Cagle-Bailey because she had not received any response, and she was very concerned for the welfare of her son John Doe. When Ms. Mary Doe did not receive any response to this second email, she went to the school and met with Defendant Zurowski. Ms. Mary Doe told Defendant Zurowski everything that occurred and demanded her son, John Doe, be protected from further serious injury.

28. On or about December 14, 2016, even after John Doe and Mary Doe, on his behalf, had made repeated complaints to the Defendants, John Doe was attacked and punched at school by the same student-bullies and his injuries were made worse.

6

29. Upon learning of this most recent attack and harm, Ms. Doe called Defendant Zurowski on or about December 14, 2016 to report this conduct and left a message, but the call was never returned. John Doe's grandfather also sent Defendant Zurowski an email, but she never responded.

30. On or about December 15, 2016, Ms. Doe emailed Defendant Bardwell again reporting that John Doe was still being bullied and assaulted by the same student-bullies. Defendant Bardwell never responded to this email.

31. On or about December 15, 2016, Ms. Doe contacted Defendant Howard by phone and left a message, but Defendant Howard never returned this call.

32. On or about December 15, 2016, John Doe was punched, hard, in the arm by Defendant M.J. at school.

33. During Christmas break, on or about December 29, 2016, John Doe was seen by his family physician for his injuries caused by the student-bullies and was sent for an ultrasound. During this visit, John Doe's doctor provided Ms. Doe with a letter to be provided to the school verifying that John Doe had suffered trauma to his testicles that was so serious it included "loss of viability" of a testicle and stating, "I trust you will do all you can to ensure the safety of [John Doe] and his good health."

34. On or about January 3, 2017, before school reopened but during a teacher work day, Mary Doe and her father went to Mountain Gap to meet with Defendant Bardwell and Defendant Howard to yet again report the physical assaults by the student-bullies and provide them with the letter from John Doe's physician. Ms. Doe requested a plan of action to protect John Doe from further serious injury before John Doe was set to return to school on January 4, 2017. Ms.

Doe explained that, for the safety of her son, she wanted the students who had seriously injured him to be kept completely away from him.

35. On January 4, 2017 when John Doe returned to school, he was required to meet with C.G. in Defendant Howard's office. Defendant Howard made John Doe shake hands and "become friends" with C.G. Thus, John Doe was actually being forced to spend *more time* around his abusers. After this meeting, C.G. threatened John Doe again stating that, because they were now friends, it was "ok" to hit each other, and no one would tell because "friends don't tell on friends."

36. On or about January 11, 2017, Ms. Doe received an email from Defendant Cagle-Bailey describing a series of "incidents" involving John Doe and explaining that John Doe had gotten in trouble at school for "spitting." John Doe was spitting because the student-bullies were still not leaving him alone and they were trying to "make [John Doe] say bad words." Rather than keep John Doe away from his attackers and protect him from further serious injury, the Defendants chose to discipline John Doe. School officials refused to keep John Doe away from his abusers.

37. On or around January 24, 2017, John Doe was provided with an Aide. Even with an Aide, the student-bullies continued to harm and injure John Doe. On January 25, 2017, Defendant Cagle-Bailey notified Ms. Doe that John Doe had been pushed in his physical education class. Because Defendants refused to protect John Doe from his abusers, John Doe continued to suffer torment and harm at the hands of his abusers, and ultimately causing him to withdraw from school.

38. On February 3, 2017, John Doe had surgery to repair his viable testicle and remove the testicle that was damaged as a direct result of the multiple physical assaults by the student-bullies, and the failure of Defendants to protect John Doe from known harm.

39. As a proximate result of the Teacher-Defendants' failure to comply with Huntsville City Schools' policies concerning protecting students from bullying, harassment, violence, and threats of violence, one of John Doe's testicles was damaged so badly that it had to be removed, his viable testicle had to be repaired, and he suffered other physical and emotional injuries.

40. Plaintiff John Doe's physical injuries and current mental and medical conditions have been directly caused and/or exacerbated by a systematic failure of the Defendants to comply with Federal law, Alabama statutory law, and Huntsville City Schools' policies to supervise, discipline, suspend, and/or expel students who pose a real and immediate danger to their fellow students. Defendants acted with deliberate indifference to John Doe's rights which ultimately led to physical and emotional harms and his withdrawal from school.

41. Plaintiff John Doe's physical injuries and current mental and medical conditions have been directly caused and/or exacerbated by a systematic failure of the Defendants to protect John Doe from harassment, intimidation, and assault.

42. Plaintiff John Doe's physical injuries and current mental and medical conditions have been directly caused and/or exacerbated by HCBOE's failure to properly hire, train, retain, and supervise teachers and school administrators at Mountain Gap.

43. Plaintiff expressly reserves the right to amend the allegations contained herein and to add additional defendants as needed, and hereby places Defendants on notice of such.

## CAUSES OF ACTION
### COUNT I – 42 U.S.C. § 12132
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACTS
### HUNTSVILLE CITY SCHOOLS BOARD OF EDUCATION

44. Paragraphs 1 through 43 are incorporated herein as if set out in full.

45. The HCBOE receives federal funding and hires, trains, supervises, and oversees employees of the Huntsville City Schools, including Defendants Bardwell, Howard, Zurowski,

Cagle-Bailey, and Person. The Teacher-Defendants, at all materials times, were acting within the line and scope of their employment with HCBOE.

46. Plaintiff John Doe, due to his disabilities, was a target of frequent and brutal assaults by the student-bullies and the harassment was so severe and pervasive that it resulted in serious bodily harm to John Doe and caused him to be hospitalized and deprived of his educational opportunities due to the conduct of the student-bullies.

47. Defendants Bardwell, Howard, Zurowski, Cagle-Bailey, and Person had actual notice of John Doe's disability-based harassment and were notified on numerous occasions about the student-bullies' conduct; however Defendants Bardwell, Howard, Zurowski, Cagle-Bailey, and Person were deliberately indifferent to the disability-based harassment and took no actions to prevent harm to John Doe.

48. As a result of the inaction and deliberate indifference by Defendants Bardwell, Howard, Zurowski, Cagle-Bailey, and Person and as agents of the HCBOE, the HCBOE violated 42 U.S.C. § 12132 *et seq.*, causing personal injury and emotional distress to John Doe.

49. Plaintiff is entitled to an award of compensatory damages, attorney fees, costs, and interest against Defendant HCBOE.

### COUNT II – 42 U.S.C. 1983
### VIOLATION OF 14TH AMENDMENT, DUE PROCESS, and EQUAL PROTECTION
### As to HCBOE, BARDWELL, HOWARD, ZUROWSKI, CAGLE-BAILEY & PERSON

50. Paragraphs 1 through 49 are incorporated herein as if set out in full.

51. The inappropriate abuse, harassment, and conduct toward Plaintiff John Doe occurred on school property and while the students were under the authority and control of the HCBOE and Teacher-Defendants.

52. Defendants HCBOE and Teacher-Defendants, each of them collectively or separately and severally, violated Plaintiff's John Doe's rights under 42 U.S.C. § 1983 and his

Fourteenth Amendment Equal Protection and Due Process rights by failing to protect him from harassment, intimidation, and assault by students at Mountain Gap.

53. As a proximate consequence therefore, Plaintiff has been damaged, as he has been caused to suffer physical injury, severe emotional distress, anguish, embarrassment, humiliation, anxiety, frustration, stress, trauma, and concern.

54. Plaintiff is entitled to an award of compensatory damages, attorney fees, costs, and interest against Defendants HCOBE and Teacher-Defendants, each of them collectively or separately and severally.

### COUNT III – 20 U.S.C. § 1681, *et seq*.
### VIOLATION OF TITLE IX
### HUNTSVILLE CITY SCHOOLS BOARD OF EDUCATION

55. Paragraphs 1 through 54 are incorporated herein as if set out in full.

56. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

57. Title IX liability arises when a school district official is an appropriate person with the authority to take corrective measures in response to sufficient, actual notice of student-on-student sexual assault, but instead who responds thereto with deliberate indifference and acts unreasonably in light of known circumstances.

58. Mountain Gap Elementary School is considered an educational institution, is the recipient of federal financial assistance, and is subject to private causes of action under Title IX.

59. Defendant HCBOE, while acting under and/or pursuant to color of state law, while having knowledge of the student-on-student sexual assault and abuse occurring on its campus, exhibited a deliberate indifference to the abuse, discrimination and harassment by students at Mountain Gap which was directed at John Doe, in violation of Title IX, 20 U.S.C. §1681 *et seq*.

60.     Students at Mountain Gap Elementary School intentionally and repeatedly abused, harassed, discriminated against, and provoked John Doe at Mountain Gap Elementary School, including by physically assaulting him and repeatedly punching him in his genitals.

61.     The abuse, including sexual abuse, that John Doe experienced was unwelcomed and was sufficiently severe, pervasive, and objectively offensive forcing him to have surgery to remove his damaged testicle due to the bullying and violent assaults on him which deprived John Doe of equal access to an educational activity and/or program.

62.     The HCBOE, through the Teacher-Defendants, had actual and/or constructive knowledge of the assaults, sexual abuse, harassment, discrimination, and misconduct by other students toward Plaintiff.

63.     As alleged *supra,* the HCBOE through its agents, was on actual notice of the students' assaults of Plaintiff John Doe at Mountain Gap Elementary School.

64.     The HCBOE, through its agents, had the authority to institute corrective measures on behalf of Mountain Gap Elementary School and to remedy the willful violations of Title IX; however, it failed to undertake such actions.

65.     Defendants HCBOE, through its agents, acted with deliberate indifference in light of the known circumstances, and the sufficient, actual notice of the students' assault and intimidation of Plaintiff John Doe at Mountain Gap.  Defendants had actual notice of the names of student assailants and should have known that the students were an imminent danger and threat to John Doe. Teacher-Defendants knew that students were sexually assaulting, harassing, and intimidating John Doe at Mountain Gap and were creating a hostile environment and depriving him of educational opportunities.

66. As a direct and proximate result of said unlawful conduct, Plaintiff was sexually abused and assaulted by students at Mountain Gap, and, as a result, suffered and continues to suffer physical injury, severe emotional distress, anguish, embarrassment, humiliation, anxiety, frustration, stress, trauma, and concern. Further, Plaintiff has been deprived of educational opportunities and has been caused to seek the services of the undersigned counsel to seek redress for said injuries. Plaintiff seeks redress pursuant to 20 U.S.C. § 1681, *et seq*.

### COUNT IV – NEGLIGENCE
### DEFENDANTS BARDWELL, HOWARD, ZUROWSKI, CAGLE-BAILEY & PERSON

67. Paragraphs 1 through 66 are incorporated herein as if set out in full.

68. Teacher-Defendants owed a duty to all students at Mountain Gap, including Plaintiff John Doe, to act in a reasonably prudent manner when executing their duties as employees of Mountain Gap to supervise, discipline, suspend, and/or expel students who pose a real and immediate danger to their fellow students, and to protect its students from harassment, intimidation, and assault.

69. Teacher-Defendants negligently breached their duties to John Doe by failing to supervise, discipline, suspend, and/or expel the student-bullies, despite their knowledge of the student-bullies' habits and practices of continuously and repeatedly bullying, punching, and kicking Plaintiff John Doe in his genitals and other areas of his body.

70. As a direct and proximate result of the negligence of the Teacher-Defendants, one of Plaintiff John Doe's testicles was damaged so badly that it had to be removed and his viable testicle had to be repaired due to the multiple physical assaults by the student-bullies, causing him personal injury and severe emotional distress.

### COUNT V- RECKLESSNESS/WANTONNESS
### DEFENDANTS BARDWELL, HOWARD, ZUROWSKI, CAGLE-BAILEY & PERSON

71. Paragraphs 1 through 70 are incorporated herein as if set out in full.

72. The Teacher-Defendants owed a duty to all students at Mountain Gap, including Plaintiff John Doe, to act in a reasonably prudent manner when executing their duties as employees of Mountain Gap and to supervise, discipline, suspend, and/or expel students who pose a real and immediate danger to their fellow students and to protect its students from harassment, intimidation, and sexual assault.

73. The Teacher-Defendants recklessly and/or wantonly breached their duties to John Doe by failing to supervise, discipline, suspend, and/or expel the student-bullies, despite their knowledge of the student-bullies' habitual practice of bullying, punching, and kicking Plaintiff John Doe.

74. As a direct and proximate result of the recklessness and/or wantonness of Teacher-Defendants, Plaintiff John Doe was required to undergo surgery to repair his one viable testicle and remove the testicle that was damaged as a direct result of the multiple physical assaults by the student-bullies, causing him personal injury and severe emotional distress.

**COUNT VI - NEGLIGENT/RECKLESS/WANTON HIRING TRAINING, RETENTION & SUPERVISION**
**HUNTSVILLE CITY SCHOOLS BOARD OF EDUCATION**

75. Paragraphs 1 through 74 are incorporated herein as if set out in full.

76. The HCBOE owed a duty to all students at Mountain Gap, including Plaintiff John Doe, to properly hire, train, retain and supervise all teachers at Mountain Gap, including Teacher-Defendants.

77. The HCBOE negligently, recklessly, and/or wantonly breached their duty to all students at Mountain Gap, including Plaintiff John Doe, to properly hire, train, retain, and supervise the Teacher-Defendants at Mountain Gap.

78. As a direct and proximate result of HCBOE's negligent, reckless, and/or wanton breach of the duty they owed to Plaintiff John Doe, Plaintiff John Doe was required to undergo

surgery to repair his one viable testicle and remove the testicle that was damaged as a direct result of the multiple physical assaults by the student-bullies, causing him personal injury and severe emotional distress.

### COUNT VII – TORT OF OUTRAGE
### [INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS]
### ALL DEFENDANTS

79. Paragraphs 1 through 78 are incorporated herein as if set out in full.

80. As alleged *supra*, Defendants' conduct was intentional and/or reckless, extreme, and outrageous, and utterly intolerable in a civilized society.

81. As a direct result of Defendants' conduct, Plaintiff has suffered emotional distress so severe that no reasonable person could be expected to endure it.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Doe requests this relief:

    a. Declare the conduct engaged in by the Defendants to be in violation of Plaintiff John Doe's rights under federal and Alabama law;

    b. Award Plaintiff John Doe compensatory damages against the Defendants, in an amount that will fully compensate him for the physical injuries, mental distress, anguish, pain, humiliation, embarrassment, suffering, and concern that he has suffered as a direct and/or proximate result of the statutory and common law violations as set out herein;

    c. Enter a judgment against all Defendants for such punitive damages as will properly punish them for the constitutional, statutory, and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as a deterrent to Defendants and others from engaging in similar future conduct;

    d. Award Plaintiff John Doe prejudgment and post-judgment interest at the highest rates allowed by law;

    e. Award Plaintiff John Doe costs, expert witness fees, and reasonable attorneys' fees;

    f. Assume continuing and indefinite jurisdiction to ensure compliance

      with the terms of the Orders requested herein;

g.   Award Plaintiff John Doe such other and further relief, including equitable, that this Court deems just and proper.

**Respectfully submitted this, the 22nd day of January, 2021:**

                                */s/ Leila H. Watson*
                                LEILA H. WATSON (ASB-4625-S74L)
                                JOEL T. CALDWELL (ASB-4625-Z36E)
                                HAMILTON JORDAN *(PHV Admission Pending)*
                                *Attorneys for Plaintiff*

                    **PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

**OF COUNSEL:**
**CORY WATSON, P.C.**
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
lwatson@corywatson.com
jcaldwell@corywatson.com
hjordan@corywatson.com

**TO CLERK: PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**

**Huntsville City Schools Board of Education**
c/o Christie Finley, Superintendent
200 White Street
Huntsville, AL 35801

**Sharissa Cagle-Bailey**
3010 Magnolia Leaf Circle SE
Owens Cross Roads, Alabama 35763

**Robert Person**
2685 Arlon Owens Circle SE
Huntsville, Alabama 35803

**Heather Bardwell**
389 Clydebank Drive
Madison, Alabama 35758

**Belissa Howard**
100 Monorail Drive
Harvest, Alabama 35749

**Leslie Zurowski**
9400 Valley Lane SE
Huntsville, Alabama 35803